FILED
2012 Sep-06  AM 08:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | |
| **JAMES L. BUTLER, SR.** | ) | **BK NO.: 11-81296-JAC-7** |
| **SSN: XXX-XX-2420** | ) | |
| | ) | |
| **James Lawrence Butler, Sr.,** | ) | |
| | ) | **AP No.: 11-80094-JAC** |
| **Appellant,** | ) | |
| **v.** | ) | |
| | ) | |
| **Tazewell T. Shepard, as Trustee for the** | ) | |
| **Estate of James L. Butler, Sr. ,** | ) | **5:12-mc-2031-KOB** |
| | ) | |
| **Appellee.** | ) | |

**MEMORANDUM OPINION**

This matter comes before the court on the Appellee Trustee's "Motion to Dismiss" (doc. 7) and Appellant Mr. Butler's "Motion In Opposition to Dismiss" (doc. 8).[1]  For the reasons stated in this memorandum opinion, the court will GRANT the Trustee's Motion to Dismiss and DENY Mr. Butler's Motion in Opposition to Dismiss.

 This action arises out of the Chapter 7 bankruptcy proceeding commenced by the bankruptcy debtor, James Butler, on April 1, 2011. On April 23, 2012, Mr. Butler filed a Notice of Appeal with the Bankruptcy Court, instituting this appeal.

I.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

 Mr. Butler filed for Chapter 7 bankruptcy on April 1, 2011.  As a part of the bankruptcy proceeding, the Trustee instituted an adversary proceeding against Mr. Butler's sister, Ann

---

[1]        Although styled a "motion" and filed as such, Mr. Butler's filing is not a motion but a response to the Trustee's Motion. Because it is styled a "motion," the court treats it as such for the purposes of this ruling

Daniel; Mr. Butler's step-grandson, James McGiboney; and a corporation incorporated by Mr. Butler, Parallax Corp., to regain property Mr. Butler allegedly fraudulently transferred to them. The Trustee sought to collect the proceeds from these fraudulent transfers under 11 U.S.C. § 727(a)(2)(A), which provides that a court may deny a discharge if it finds that the debtor "with the intent to hinder, delay, or defraud" transferred property within one year before the filing of the bankruptcy petition.

The Trustee settled his claim with defendant James McGiboney, Mr. Butler's step-grandson, on March 19, 2012 and filed for summary judgment as to Mr. Butler, Ms. Daniel, and Parallax Corp. on March 20, 2012. *Shepard v. Butler et al.*, Case No. 11-80094-JAC, doc. 30, 32. In a Memorandum Opinion on April 19, 2012, Bankruptcy Judge Caddell granted the Trustee's Motion for Summary Judgment and denied Mr. Butler a discharge in bankruptcy. *Shepard v. Butler et al.*, Case No. 11-80094-JAC, doc. 56.

Mr. Butler timely filed a Notice of Appeal with the Bankruptcy Court on April 23, 2012. Mr. Butler failed to timely file the designation and statement of issues by May 7, 2012, as required by Rule 8006. Fed. R. Bank. P. 8006. On July 10, 2012, this court filed an Order stating that if Mr. Butler did not file the designations by July 24, 2012, then the court would dismiss the appeal without further order of the court (doc. 4).

Mr. Butler paid his filing fee on July 13, 2012, but did not file the deficient documents with the court until August 10, 2012, more than three months after the proper deadline. Mr. Butler's filing, entitled "Statement of the Issues" disputes the Trustee's Statement of Undisputed Facts and claims the Trustee's summary judgment motion violated his Constitutional rights (doc. 6). It contains three pages of seemingly irrelevant facts and seven pages of attached

2

documents.

The Trustee filed a Motion to Dismiss on August 27, 2012 (doc. 7). Mr. Butler responded by filing "Motion in Opposition to Dismiss" on August 31, 2012 (doc. 8). Mr. Butler's Motion in Opposition claims that upon receipt of this court's July 10, 2012 Order to Show Cause, he paid the Bankruptcy court in Decatur, Alabama, $600.00 for his court record and mailed three compact discs with the record to this court at "Federal Courthouse, Hugo Black Bldg, Birmingham, Al-35201."[2] The court never received the bankruptcy court's record. The Motion in Opposition includes a new one-page "Statement of the Issues;" an e-mail attachment with an undisclosed recipient and sender, and the previous "Statement of the Issues" filed with the court on August 10, 2012.

II.    DISCUSSION

The Trustee moves to dismiss this appeal asserting that Mr. Butler did not file a designation of the record and a statement of the issues within 14 days of the filing the notice of appeal as required by Rule 8006 and that the "Statement of the Issues" (doc. 6)  filed on August 10, 2012 is insufficient to support the appeal.

Rule 8006 requires the appellant to file with the clerk of the court and serve on the appellee "a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within fourteen days after filing the notice of appeal.  Mr. Butler failed to comply with this rule, and did not file his "Statement of the Issues" until after three months after this deadline.

---

[2]      The court is not surprised that it never received the inadequately addressed package without a street address and with the wrong zip code.

3

A.    Timeliness

Rule 8001 provides that the "failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground for only such action as the district court . . . deems appropriate which may include dismissal of the appeal." Fed. R. Bankr. P. 8001(a).  In considering whether to dismiss an appeal for a violation of Rule 8006, the court must take at least one of the following steps:

> (1) make a finding of bad faith or negligence; (2) give the appellant notice or an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives.

*In re SPPR Corp*, 45 F.3d 70, 72 (4th Cir. 1995) (quoting *In re Serra Builders, Inc.*, 970 F.2d 1309 (4th Cir.1992)). In the 11th Circuit, dismissal is appropriate for violations of Rule 8006 where there is "a showing of bad faith, negligence, or indifference." *Clements v. White*, Case No. 12-02520CG-N, at *4, 2012 WL 2064528 (S.D. Ala. 2012) (citing *In re Beverly Mfg.*, 778 F.2d 666, 667 (11th Cir. 1985)).

While Mr. Butler did timely file his appeal, he has shown a consistent failure to follow the rules of procedure and this court's orders. The court specifically provided Mr. Butler with an opportunity to file his statement of issues and designations through an Order to Show Cause, but Mr. Butler failed to do so. The court never received the bankruptcy court's record that Mr. Butler allegedly sent to the court in early July 2012. Mr. Butler's continuing delay despite this court's order extending the time in which he could file the appropriate designations illustrates Mr. Butler's negligence in filing the appeal and his bad faith or total indifference to this court's orders.

4

    B.    <u>Content</u>

When Mr. Butler did file his "Statements of the Issues," it was over three months past the deadline and did not meet the content requirements of Rule 8006. The burden of providing the district court with an "adequate record on appeal from the bankruptcy court is on the appellant," and an adequate designation of the issues on appeal is also necessary to "put the appellee on notice as to which issues it must defend against." *In re Winters*, 1994 WL 397939, at *4 (N.D.Ill. 1994).   Both of Mr. Butler's "Statement of the Issues" fail to provide an adequate record of the bankruptcy proceeding he is appealing and fail to provide any indication of the issues he plans to bring on his appeal. The court finds both "Statement of the Issues" insufficient to comply with Rule 8006's content requirement.

III.    <u>CONCLUSION</u>

The court finds that Mr. Butler's continued disregard for deadlines and the deficiency of his delinquent filing warrant dismissal. Accordingly, the court finds the Trustee's Motion to Dismiss is due to be GRANTED.   A separate order will be filed contemporaneously to that effect.

Dated this 6th day of September, 2012.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE